UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GLENN LESTER ANDERSON | ) | Case No. 08-14743-SSM |
| TERESA ELAINE ANDERSON | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION AND ORDER**
**DETERMINING THAT AUTOMATIC STAY EXTENDS BEYOND 30 DAYS**

Before the court is the debtors' motion to extend the automatic stay. Notice has been given to the interim trustee, the United States Trustee, and all creditors. No response has been filed opposing the motion, and the matter is ripe for determination. As it turns out, the motion is technically moot for the simple reason that the debtors' prior case was not *dismissed* but rather closed without entry of a discharge. Thus, the 30-day limitation on the automatic stay in § 362(c)(3), Bankruptcy Code, by its own terms does not apply. In order to remove any doubt on the point, however, the court will grant declaratory relief in the form of an order determining that the automatic stay remains in full force and effect.

Background

Glenn Lester Anderson and Teresa Elaine Anderson ("the debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on August 8, 2008. This was their second bankruptcy filing in this court within the past year. Their prior case, No. 07-11808-RGM, was filed on July 13, 2007. The trustee filed a report of no distribution on September 7, 2007. After the debtors failed to file a timely certificate of completion of a post-

1

petition financial management course, the case was closed on February 22, 2008, without issuance of a discharge. Some six weeks later, the debtors filed a motion to reopen their case for the purpose of filing the certificate and obtaining a discharge. The motion was denied by Judge Mayer on May 7, 2008, on the ground that the debtors did not have a reasonable excuse for not having taken the course before the case was closed.

## Discussion

Among the amendments to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") are two limitations—enacted to address the problem of repeat or serial filings—on the automatic stay that would otherwise arise upon the filing of a bankruptcy petition. *See* § 362(a), Bankruptcy Code. The first limits the automatic stay to 30 days if a prior case was dismissed within one year of the filing of the current case unless the court extends the automatic stay beyond 30 days based on a finding that the current case was filed in good faith as to the creditors to be stayed. § 362(c)(3), Bankruptcy Code. The second provides that *no* stay arises if two or more cases were dismissed within one year of the current case, unless the court imposes an automatic stay based on a finding that the current case was filed in good faith. § 362(c)(4), Bankruptcy Code.

The present motion (which was filed and heard within 30 days of the filing of the bankruptcy petition) assumes the 30-day limitation in § 362(c)(3) applies. It does not. The language of the statute is very clear that the predicate event leading to termination of the stay is the *dismissal* of a prior case within the year preceding the filing of the current case. Specifically, the statute states:

> If a single or joint case is filed by or against [a] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period *but was dismissed* . . .—
> (A) the stay under [§ 362(a)] with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

§ 362(c)(3) (emphasis added). As one court has noted, "The touchstone of § 362(c)(3)(A) is dismissal." *In re Green*, 2006 WL 4108577 *3 (Bankr. M.D. Fla. 2006); *accord, In re Williams*, 390 B.R. 780, 783 (Bankr. S.D. N.Y. 2008) ("Congress clearly intended to limit the applicability of Code Section 362(c)(3) to chapter 7 debtors whose cases were dismissed within the preceding 1-year period"). Dismissal of a case is different from the *closing* of a case. *In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001) (discussing difference and holding that debtor's motion to "reopen" dismissed case to seek sanctions against creditor that allegedly violated the automatic stay had to be denied because only a fully administered case can be reopened). Dismissal effectively aborts administration of a case and restores the debtor and creditors to the positions they occupied before the case was commenced. § 349, Bankruptcy Code; *Archer,* 264 B.R. at 168 ("[A]n order of dismissal terminates proceedings prior to completion for a reason other than full administration of the estate"). In a chapter 7 case, dismissal can only be ordered "after notice and a hearing." § 707(a), Bankruptcy Code. Closing, by contrast, occurs after a case has been fully administered and requires neither notice nor hearing. § 350, Bankruptcy Code; Fed.R.Bankr.P. 5009.

The requirement that a debtor complete an instructional course concerning personal financial management as a condition of receiving a chapter 7 discharge was added by BAPCPA. *See* § 727(a)(11), Bankruptcy Code. The interim rules implementing BAPCPA require that an

individual debtor in a chapter 7 case "file a statement regarding completion of a course in personal financial management . . .within 45 days after the first date set for the meeting of creditors." Interim Rule1007(b)(7) and (c). In the absence of such a statement, the court may not issue the debtor a discharge. Interim Rule 4004(c)(1)(H). Failure to file the certificate does not, however, terminate the administration of the estate.[1] If there are assets to administer, the trustee continues to do so. Upon completion of administration, however, creditors are given notice that the case was closed without the entry of an order of discharge. Interim Rule 4006.

That is exactly what happened in the debtors' prior case. It was closed without entry of a discharge. It was not dismissed. Since § 362(c)(3) does not make reference to prior cases closed without entry of a discharge but only to cases that were dismissed, the limitation on the automatic stay set forth in that subsection simply does not apply.

## O R D E R

For the foregoing reason, it is

**ORDERED** that the automatic stay remains in full force and effect pending further order of this court and is not subject to the effect of § 362(c)(3), Bankruptcy Code.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

---

[1] In this respect, the failure to take the post-petition financial management course differs significantly from the failure to obtain the prepetition credit counseling required by § 109(h), Bankruptcy Code. The former is simply a limitation on the granting of a discharge. The latter is an element of eligibility to be a debtor, and failure to obtain the credit counseling, or to qualify for a waiver, requires that the case be dismissed. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005). For that reason, § 362(c)(3) *would* apply to a debtor whose prior case was dismissed for failure to obtain prepetition credit counseling.

Copies to:

Glenn Lester Anderson
Teresa Elaine Anderson
18608 Amidon Avenue
Triangle, VA 22172
Debtors

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Counsel for the debtors

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314